[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE THE VERDICT
The plaintiff instituted the present action seeking to recover monetary damages for personal injuries sustained as a result of a motor vehicle accident. The jury returned a verdict in favor of the plaintiff finding economic damages in the amount of $13,478.40 and noneconomic damages $75,000 for a total damage award of $88,478.40. The jury also found that the plaintiff was 30 percent negligent in causing the total damages and therefore found for the plaintiff to recover from the defendant the sum of $61,934.88. Plaintiff has now moved to set aside that verdict asserting that the court failed to grant a mistrial when the defendant testified that the plaintiff was not wearing a seat belt and upon the grounds that the verdict was against the weight of the evidence in finding that the plaintiff was 30 percent negligent in causing the damages.
Prior to the evidentiary trial, the plaintiff filed a motion in limine seeking an order prohibiting the defendant from questioning at voir dire in the trial and from introducing evidence or testimony concerning whether the plaintiff did not have her seat belt fastened at the time of the accident. Counsel for the defendant was aware of the provisions of General Statutes § 14-100a which provides that failure to wear a seat belt should not be considered as contributory negligence nor should such failure be admissible evidence in any civil action. Accordingly, counsel for the defendant indicated he had no intention of seeking to introduce that evidence.
During the questioning of the defendant by her counsel concerning the accident, she testified that she went over to the plaintiff's vehicle after the accident. When asked what she saw at that time, the defendant stated that she noticed that the plaintiff did not have her seat belt on. The jury was then excused from the courtroom, and the court heard argument from counsel for both parties. Thereupon the jury was returned to the courtroom, and the court advised the jury that the issue of whether a seatbelt was being worn or was not worn was not an issue in the case and should not affect their verdict in any way.
After returning from the luncheon break, counsel for the plaintiff requested a mistrial which was denied by the court.
In its charge to the jury the court also advised the jury that the wearing or not wearing of a seatbelt is not an issue in the case and could not be used to establish any fault on the part of the plaintiff either in terms of negligence itself or in terms CT Page 4466 of the amount of damages that would or should be awarded to the plaintiff. The court does not believe that the statement made by the defendant was intended to introduce inadmissible evidence, and the court believes that the instructions given to the jury were adequate for a fair trial.
The plaintiff also claims that the meaning of 30 percent comparative negligence on the part of the plaintiff was against the weight of the evidence. The accident took place while the plaintiff was operating her vehicle in a southerly direction on Howe Avenue in Shelton, Connecticut. The defendant pulled out from a stop sign from the plaintiff's right and struck the side of the plaintiff's vehicle. The defendant testified that she stopped at the stop sign and pulled forward and stopped again in order that she could look in both directions. She looked to her left and did not see any vehicles coming. She then looked to her right and pulled out and struck the vehicle that the plaintiff was operating. There was a medical report introduced into evidence from one of the plaintiff's treating physicians which stated that the plaintiff was looking down reaching for a sandwich at the time of the collision.
While the court would decide the issue of comparative negligence differently, the court cannot state as a matter of law that the jury could not make the determination that the plaintiff was 30 percent at fault in causing the accident.
Accordingly, the motion to set aside the verdict is denied. The parties have agreed that there are collateral sources in the amount of $3,333, and accordingly, judgment may enter in favor of the plaintiff in the amount of $58,601.88.
RUSH, J.